J-A22029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                 :  PENNSYLVANIA
                                 :
           v.                     :
                                 :
                                 :
EDWARD I. HORNING           :
                                 :
          Appellant         :  No. 507 MDA 2020

Appeal from the Judgment of Sentence Entered February 18, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001071-2011

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:         **FILED DECEMBER 30, 2020**

Appellant, Edward I. Horning, appeals from the judgment of sentence entered on February 18, 2020, following the revocation of his probation. After review, we remand with instructions.

The record reveals that on February 18, 2020, the trial court revoked Appellant's probation and imposed a new sentence. Appellant filed a timely appeal, and the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Pa.R.A.P. 1925(b) statement, Appellant raised the following issues:

> 1. The evidence presented at Appellant's revocation hearing was insufficient to support the court's finding that Appellant violated his special conditions of probation. The Commonwealth did not admit the alleged pornographic video into evidence. Rather, the court relied solely on the Commonwealth's testimony regarding the content of that video. The court's finding of the violation necessarily required the court to determine if the video was considered pornography. The test for such a determination is, "I

know it when I see it." *Jacobellis v. Ohio*, 378 U.S. 184 (1964) (Stewart, J., concurring). Because the Commonwealth failed to admit the video into evidence, the court's finding of that violation was improper.

2. The court violated Appellant's substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution when it violated Appellant for his own thoughts. While there are numerous special conditions for sex offenders, the courts may not control or regulate one's thoughts.

Pa.R.A.P. 1925(b) Statement, 5/1/20, at 1-2.

Our Supreme Court has explained that 42 Pa.C.S. § 9771 allows for termination of supervision or modification of the conditions of probation at any time. **Commonwealth v. Foster**, 214 A.3d 1240, 1249-1250 (Pa. 2019). "Revocation of probation, however, is sanctioned only 'upon proof of the violation of specified conditions of the probation.'" **Id.** at 1250 (quoting 42 Pa.C.S. § 9771(b)) (emphasis omitted).

In its Statement in Lieu of Memorandum Opinion, the trial court found that Appellant failed to request the notes of testimony from the February 18, 2020 hearing, and this failure resulted in waiver of the issues on appeal. Statement in Lieu of Memorandum Opinion, 5/4/20, at 1. Our review of the certified record supports the trial court's conclusion that the transcripts were not available when the trial court drafted its Statement in Lieu of Memorandum Opinion on May 4, 2020. However, the record also reveals that on May 5, 2020, Appellant requested the February 18, 2020 notes of testimony, and on May 19, 2020, they were filed in the trial court. Thus, the trial court now has the benefit of the February 18, 2020 notes of testimony.

In the interest of judicial economy, we remand this matter to the trial court to draft a supplemental Pa.R.A.P. 1925(a) opinion addressing the issues Appellant raised in his Pa.R.A.P. 1925(b) statement. The trial court shall file its opinion within thirty days from the date this Memorandum is filed.

Case remanded with instructions. Panel jurisdiction retained.